STEVE W. HARRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 2531-86.
United States Tax Court
T.C. Memo 1987-33; 1987 Tax Ct. Memo LEXIS 33; 52 T.C.M. (CCH) 1414; T.C.M. (RIA) 87033; January 14, 1987. *33 Steve W. Harris, pro se. Ralph W. Jones, for the respondent. SCOTT
MEMORANDUM OPINION SCOTT, Judge: On September 22, 1986, respondent filed a motion in the above-entitled case for judgment on the pleadings in which he stated that petitioner on January 27, 1986, filed a petition with the Court alleging disagreement with the statutory notice of deficiency dated October 24, 1985, but without attaching a copy of the notice of deficiency to the petition. Respondent on March 31, 1986, filed his answer to the petition. Respondent further states in his motion that the petition does not contain petitioner's social security number as required by Rule 34(b)(1) of the Rules of Practice and Procedure of this Court; [1] the Internal Revenue Service office where the returns for the periods involved were filed, as required by Rule 34(b)(1); the taxable periods in controversy as required by Rule 34(b)(3); the amounts of deficiencies and additions to tax in dispute as required by Rule 34(b)(3); or clear and concise assignments of errors and statement of facts as required by Rule 34(b)(4) and (5); and for these reasons petitioner has failed to state a claim upon which relief *34 can be granted. By Order dated September 24, 1986, petitioner was directed on or before October 22, 1986, to file a reply to respondent's motion specifically stating whether he objects to the granting of the motion and if he objects, the basis of his objections. No response or document proporting to be a response was received from petitioner. On October 31, 1986, the Court issued an order reciting in brief form the facts heretofore recited and directing that on or before November 16, 1986, each party file with the Court the document, if any, which that party considers to be a notice of deficiency issued to petitioner in this case. No response was received from petitioner, but on November 14, 1986, the Court received from respondent a document which is stated to be the notice of deficiency that forms the basis of the Court's jurisdiction in the above-entitled case. The notice of deficiency issued by respondent to petitioner in the above-entitled case determines deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651 [2]
Sec. 6653(a)
Sec. 6654
Sec. 6661
1981
$4,850
$1,213
$243
$370
1982
4,617
1,154
231
449
1983
17,750
4,438
888
1,085
1,775
*35 For returns required to be filed after December 31, 1981, if the penalty under Sec. 6653(a) applies, the penalty under Sec. 6653(a)(2) will also apply in an amount to be determined. The petition filed by petitioner in effect alleges that the notice of deficiency is not within the authority of the Commissioner of Internal Revenue to issue since this notice amounts to a claim which respondent should be required to prove rather than placing a burden on petitioner to establish anything. Petitioner states that the Government is claiming money from him and before he has a duty to respond, the Government should be required to establish its claim. The petition sets forth in detail, item by item, the statements in the notice of deficiency referring in each instance to these statements as a "set of numbers" and to the letter as "a machine-generated" document and to "a machine-generated Form 4549A, Schedule 1, Department of Treasury -- Internal Revenue Service Income Tax Examination Changes, Return Form 1040." The gist of petitioner's assignment of errors is that *36 the burden is on the Government to show that he did have income and does owe tax and that he is not required to make any showing until the Government has made proof to this effect. Petitioner in the alleged facts upon which he relies states: that his "grievances include, but are not limited to," the unconstitutional adjudication of ultimate facts by an administrative agency rather than to conform with the judicial power conferred by Article III, Section I of the Constitution which refers to the Supreme Court and such inferior courts as Congress may from time to time establish; that petitioner has not entered into any agreement with any representative of the Internal Revenue Service, the Treasury Department or Executive Branch of the United States with respect to any of his property being subject to claims by them; that petitioner is not aware of any competent authority requiring him to file a return or any other form of report of his personal, private activities to any agency of the Government; that petitioner is not aware of any authority which requires him to pay any sum or sums of money for "tax," "income tax," "additions to tax" to any representative of the Government. Petitioner *37 further alleges that the paying of any such amounts is based upon "voluntary self-assessment" and that he has not voluntarily self-assessed himself. Petitioner further alleges that he cannot be penalized for not choosing to volunteer for actions such as are described in Title 26 of the United States Code.Petitioner further alleges that there is no definition of the term "income" in Title 26 of the United States Code and that the Internal Revenue Service has not followed due process by not advising him of a definition of income. Petitioner then generally alleges that he denies having any profits or gains or receiving income or being subject to any income tax, and that where there has been no assessment there is no tax liability. He again repeats that the "notice of deficiency" is a bare allegation containing no established facts. The notice of deficiency explained the determination of deficiency with the following statement: It has been determined that during the taxable years ended December 31, 1981, 1982, and 1983 you earned Schedule C, Landscaping, income of $18,042.00, $18,183.00 and $50,296.00 respectively, as reported on State of Washington Excise/Use tax returns for those *38 periods, which you failed to report on federal income tax returns for those periods. Accordingly, your taxable income has been adjusted as shown on the preceding Schedule 1. Schedule 1 shows that no taxable income was reported on the returns and the amounts set forth in the above quoted paragraph were the entire amounts of income which petitioner was determined to have received. Petitioner assigned no errors in respondent's determination of his income in the notice of deficiency and alleged no facts to show any error in respondent's determination. Instead he claimed that under various sections of the Constitution, he was not required to file returns, report his income or pay any income tax. In , we considered arguments similar to those raised by petitioner in this case and found them to be without merit. Other arguments similar to those made by petitioner in this case in lieu of assignment of error or allegations of facts were held to be frivolous and were rejected in . There is no issue in this case on which petitioner does not have this burden of proof. *39 Since petitioner has failed to assign error or allege facts on which we could hold in his favor, we grant respondent's motion for judgment on the pleadings. An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩